**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1618-18T3

MAURICE YOUNG,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 5, 2019 – Decided February 4, 2020

Before Judges Suter and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Maurice Diaz-Young, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Kimberly Gail Williams, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Maurice Diaz-Young is an inmate at the New Jersey State Prison. He appeals a February 14, 2018 final administrative determination of the Department of Corrections (DOC) finding him guilty of prohibited act *.010. We affirm.

Two anonymous letters were found by the Special Investigations Division (SID) of the State Police during its routine mail monitoring, both of which gave identical instructions that a specific inmate was to be assaulted. The letters stated: "I HEAR THE BOY ONYX ORDER KINGS TO KILL 3C PERU." The SID investigator determined the letters were written by appellant. The information was corroborated by two confidential informants.

On December 9, 2017, appellant was charged with prohibited act *.010, "participating in any activity(ies) related to a security threat group" (STG).[1] See N.J.A.C. 10A:4-4.1(a)(2)(v). It was alleged appellant was involved with gang activities involving the Almighty Latin King and Queen Nation and that he

---

[1] A security threat group "means a group of inmates possessing common characteristics, interests and goals which serve to distinguish the group or group members from other inmate groups or other inmates and which, as a discrete entity, poses a threat to the safety of the staff, other inmates, the community or causes damage to or destruction of property, or interrupts the safe, secure and orderly operation of the correctional facility(ies)." N.J.A.C. 10A:3-11.2.

directed subordinate members. He pleaded not guilty to the administrative charge and was granted the assistance of counsel substitute.

Appellant requested a "certified" comparison of his handwriting to the letters, the ability to cross-examine the SID investigator and to examine the original letters, a polygraph examination of the confidential informants and dismissal of the charges. His counsel substitute requested the hearing officer "independently compare/analyze his handwriting to the letter/note in question." Appellant asked for additional time for his counsel substitute to submit a written statement.

The polygraph examination request was denied. The administrator found there "[was] no need for a polygraph as the SID investigation and handwritten comparison [was] compelling." There also were "no issues of credibility or new evidence . . . to warrant its approval administratively."

The hearing officer conducted a handwriting comparison of the "letter seized (as it pertains to this charge) with another known letter authored by [appellant]," concluding the letters "are consistent with each other and a reasonable person would conclude that they were authored by the same person." The "evidence and letters used in this comparison" were withheld from

3

disclosure to prevent retaliation against those who participated in the investigation.

Appellant submitted written interrogatories to the SID investigator, who responded, although many of the questions were not answered for security reasons. Appellant and his counsel substitute submitted written arguments for the hearing officer's consideration.

The disciplinary hearing was conducted on January 5, 2018. Appellant did not call any witnesses. The hearing officer found appellant guilty of prohibited act *.010. The SID investigator "confirmed he conducted a handwriting comparison." The hearing officer also "conducted a comparison of [appellant's] handwriting along with the evidence (letter) giving orders to assault another person." These letters were found to be "consistent with each other." In reaching the conclusion that appellant was guilty of the charge, the hearing officer "relie[d] on all evidence including [the confidential informant] interviews and correspondence detailing how the gang is to operate . . . [and] instructions to assault another inmate; handwriting comparison and SID investigation . . . indicating 'Boy Onxy' [appellant] order[ed] 'Kings' (ALK+Q) to kill 3C Peru to support [appellant] participated in gang activity."

Appellant was sanctioned to 270 days of administrative segregation, 300 days' loss of commutation time and 30 days' loss of recreation privileges. The hearing officer noted that "participating in gang activity was not to be minimized" and that appellant had five prior STG charges.

Appellant's administrative appeal was denied by the Acting Superintendent who upheld the decision of the hearing officer. She found there was "compliance with the [regulations] on inmate discipline" and they were "adjudicated according [] to the code." The Acting Superintendent also found the decision was supported by the preponderance of the evidence.[2]

On appeal, appellant raises two points:

POINT I:

APPELLANT WAS DENIED RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS WHEN HIS REQUEST FOR A POLYGRAPH WAS DENIED BY THE ADMINISTRATOR.

POINT II:

APPELLANT WAS DENIED DUE PROCESS BY THE HEARING OFFICER'S FAILURE TO GRANT A CONFRONTATION IN VIOLATES [sic] ESTABLISHED LAW PURSUANT TO WOLFF v. McDONNELL AND AVANT v. CLIFFORD.

---

[2] Appellant's request to downgrade the sanction was denied. This is not raised in the appeal.

A-1618-18T3

In this appeal from agency action, our review is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We ordinarily decline to reverse the decision of an administrative agency unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 581 (1980)). A finding that an inmate committed a disciplinary offense only has to be "supported by substantial evidence," Avant v. Clifford, 67 N.J. 496, 530 (1975), which means, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)); see also N.J.A.C. 10A:4-9.15(a). When such evidence exists, a court may not substitute its own judgment for the agency's even though the court may have reached a different result. See Figueroa, 414 N.J. Super. at 191 (citing Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009)). When reviewing a final determination of the DOC in a prisoner disciplinary matter, we consider whether there is substantial evidence the inmate has committed the prohibited act and whether, in making its decision, the DOC followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-98 (1995).

6

The regulations include an inmate's entitlement to written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2, a right to a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12.

We reject appellant's contention that the decision by the hearing officer violated his due process rights under Avant, 67 N.J. at 525-33. Appellant was given notice of the charges and a hearing before an impartial tribunal, where he declined the opportunity to call witnesses.

Appellant claims the request for a polygraph test should have been granted. Under DOC regulations, however, "[a]n inmate's request for a polygraph examination shall not be sufficient cause for granting the request." N.J.A.C. 10A:3-7.1(c). The routine administration of a polygraph "is clearly not required on every occasion that an inmate denies a disciplinary charge against him." Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23-24 (App. Div. 2005).

We review the administrator's decision to deny a polygraph examination for abuse of discretion. Id. at 24. "[A]n inmate's right to a polygraph is conditional and the request should be granted when there is a serious question of credibility and the denial of the examination would compromise the fundamental fairness of the disciplinary process." Id. at 20. "[F]undamental fairness will not be [a]ffected when there is sufficient corroborating evidence presented to negate any serious question of credibility." Id. at 24.

Appellant cites Engel v. New Jersey Department of Corrections, 270 N.J. Super. 176, 178 (App. Div. 1994) as support. In Engel we held an inmate's request for a polygraph test should have been granted where he was alleged to be planning a prison escape based on information from an informant. Id. at 178, 180-81. The present case is distinguishable from Engel. Here, both the SID investigator and the hearing officer made comparisons of the letters determining independently that appellant was the author. The informants corroborated the information.

Appellant was not denied the ability to confront and cross-examine witnesses. He was able to pose written questions to the SID investigator but was not entitled to information that would compromise the security of the institution. In a disciplinary proceeding, an inmate is not accorded the full

panoply of rights afforded a defendant in a criminal prosecution. <u>Avant</u>, 67 N.J. at 522.

A hearing officer may rely on confidential evidence where the adjudication contains a "concise summary of the facts on which the [d]isciplinary [h]earing [o]fficer . . . concluded that the informant was creditable or . . . reliable;" and the informant's statement "is factual rather than a conclusion, and based on the informant's personal knowledge of the matters contained in such statement." N.J.A.C. 10A:4–9.15(b)(1)(i) to (ii). The hearing officer reviewed all the evidence including "[the confidential informant] interviews and correspondence detailing how the gang is to operate . . . [and] instructions to assault another inmate; handwriting comparison and SID investigation . . . indicating 'Boy Onxy' [appellant] order[ed] 'Kings' (ALK+Q) to kill 3C Peru to support [appellant] participated in gang activity." Also included was a summary of the SID investigator's report and the confidential informant number two interview.

The hearing officer conducted an independent comparison of the letter and appellant's handwriting. A non-expert may give his or her opinion on matters of common knowledge and observation. <u>See</u> <u>State v. Bealor</u>, 187 N.J. 574, 586 (2006).

We are satisfied there was substantial evidence in the record to support the agency's decision based on the reports and evidence submitted at the hearing. See N.J.A.C. 10A:4-9.15(a). The agency decision was not arbitrary, capricious or unreasonable. We conclude that appellant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1618-18T3